IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NICHOLAS SCOTT WERLING,

                Plaintiff,
v.                                                        OPINION and ORDER

BENJAMIN AARON LINDSEY, JOHN DOE,            24-cv-862-jdp
DILLON R. HAGSTROM, and BRENT RUEHLOW,

                Defendants.

---

Plaintiff Nicholas Scott Werling, proceeding without counsel, alleges that officials from three municipalities worked together to detain him without probable cause and confiscate his possessions. I granted Werling leave to proceed on Fourth Amendment claims regarding the detention and confiscation. Dkt. 4.

Each of the defendants has filed a motion to dismiss. Dkt. 8; Dkt. 18; Dkt. 29. Defendants contend that Werling's Fourth Amendment detention claims are barred by the relevant statutes of limitations: Werling's claims concern his early November 2021 detention, but he filed his complaint in December 2024, more than three years after the incident. *See Cielak v. Nicolet Union High Sch. Dist.*, 112 F.4th 472, 477 (7th Cir. 2024) ("The applicable Wisconsin statute of limitations [for claims under 42 U.S.C. § 1983] is Wis. Stat. § 893.53," which is three years.); Wis. Stat. § 893.16(1) (extending statutes of limitation to two years past a person's eighteenth birthday; plaintiff alleges that he turned 18 on June 16, 2022). In response, Werling concedes that he filed his Fourth Amendment detention claims too late. So I will grant defendants' motions to dismiss regarding the detention claims.

That leaves Werling's claim about the confiscation of his property. I granted Werling leave to proceed on this claim only against defendant Dillon Hagstrom, a city of Beloit police

officer who initially confiscated Werling's property. Hagstrom contends that Werling's claim against him should be dismissed because Werling brought the identical claim in case No. 23-cv-215-jdp. Werling doesn't directly respond to that argument but does state that Hagstrom should be dismissed from the case. And in any event, I granted summary judgment to Hagstrom on the identical claim in the '215 case, so Hagstrom is entitled to dismissal of the current claim against him on claim preclusion grounds. *See Werling v. Barnhill*, No. 23-cv-215-jdp, 2025 WL 2374451, at *5 (W.D. Wis. Aug. 14, 2025) ("There is no evidence suggesting that [Beloit police officer] Hagstrom was responsible for the failure to return Werling's cell phone to him once he was placed in the custody of Fort Atkinson police.").

Rather than contest the claim against Hagstrom, Werling responded to defendants' motions to dismiss by arguing that a Fourth Amendment seizure-of-property claim against defendant Ben Lindsey (a Fort Arkinson police employee) is not subject to a statute-of-limitations defense because the Fort Atkinson police continue to deprive him of his property. I didn't discuss a confiscation claim against Lindsey in my screening order, but further review of the complaint shows that Werling indeed alleged that Lindsey assumed possession of Werling's property from Hagstrom, Dkt. 1, at 4–5, and Lindsey addresses the statute-of-limitations argument regarding this claim in his reply brief. So I will consider the confiscation claim against Lindsey to be part of this case.

Nonetheless, I conclude that Werling's confiscation claim against Lindsey must also be dismissed on statute-of-limitations grounds. Claims under § 1983 ordinarily accrue at the time "when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (internal quotations and citation omitted). But under the "continuing violation doctrine," in certain circumstances the

2

accrual of a plaintiff's claim can be delayed until the last action or inaction in a series of events causing a plaintiff harm. *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001) ("A violation is called 'continuing,' signifying that a plaintiff can reach back to its beginning even if that beginning lies outside the statutory limitations period, when it would be unreasonable to require or even permit him to sue separately over every incident of the defendant's unlawful conduct.").

Werling seeks to apply the continuing violation doctrine to the confiscation of his property. I am unaware of any binding precedent directly on point, but courts that have considered the question have concluded that this doctrine does not apply to the continued possession of seized property; instead such a claim accrues when the property is first unlawfully confiscated. *See, e.g.*, *MacNamara v. Hess*, 67 Fed. Appx. 139, 143–44 (3d Cir. 2003) ("without exception courts that have faced the question have found that the retention of the seized property is only a consequence of the original alleged illegal seizure and does not affect the date on which the claim accrues"); *Sherry v. City of Chicago*, No. 18 C 5525, 2019 WL 2525887, at *4 (N.D. Ill. June 19, 2019) (Plaintiff's "injury—the seizure of the firearms—was complete in 2006, and his claim accrued at that time. The City's continued retention of the weapons after that point did not constitute a continuing violation . . . ."); *Turentine v. City of Chicago*, No. 13 C 5218, 2014 WL 866509, at *2 (N.D. Ill. Mar. 4, 2014) (Plaintiff's claim for unreasonable confiscation of firearms "arise[s] from his arrest and the seizure of his firearms . . . . The continued retention of [his] firearms does not affect the accrual date." (citations omitted)). I am persuaded by these authorities that Werling's Fourth Amendment confiscation claim against Lindsey is also barred by the statute of limitations. Accordingly, I will grant Lindsey's motion to dismiss. That means that the entire case will be dismissed.

ORDER

IT IS ORDERED that:

1. Defendants' motions to dismiss, Dkt. 8; Dkt. 18; Dkt. 29, are GRANTED.

2. The clerk of court is directed to enter judgment accordingly and close the case.

Entered January 16, 2026.

                    BY THE COURT:

                    /s/

                    _____
                    JAMES D. PETERSON
                    District Judge